**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PF USA, INC. )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>HERIBERTO LUNA, TAQUERIA EL ARCO, )<br>INC., TAQUERIA EL ARCO #2 EL POLLO )<br>FELIZ, INC., TAQUERIA EL ARCO #3 EL )<br>POLLO FELIZ, INC., and TAQUERIA EL )<br>ARCO #4 EL POLLO FELIZ, INC. )<br>)<br>        Defendants. )<br>) | Civil Action No. _____ |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION**

Plaintiff, PF USA, Inc. ("PF USA"), as its Complaint against Defendants, Heriberto Luna ("Luna"), Taqueria El Arco, Inc. ("Taqueria El Arco"), Taqueria El Arco #2 El Pollo Feliz, Inc. ("Taqueria El Arco #2"), Taqueria El Arco #2 El Pollo Feliz, Inc. ("Taqueria El Arco #3"), and Taqueria El Arco #4 El Pollo Feliz, Inc. ("Taqueria El Arco #4"), (collectively, "Defendants"), alleges the following:

**PARTIES**

1. Plaintiff PF USA is a Delaware corporation with principal place of business at 9310 Westheimer, Houston, TX 77077.

2. Defendant Taqueria El Arco is an Illinois corporation located and doing business in this District. Upon information and belief, Taqueria El Arco owns and operates a restaurant under the name EL POLLO FELIZ located at 3105 W. 26th Street, Chicago, Illinois 60623.

3. Defendant Taqueria El Arco #2 is an Illinois corporation located and doing business in this District. Upon information and belief, Taqueria El Arco #2 owns and operates a

restaurant under the name EL POLLO FELIZ located at 2462 South Blue Island Avenue, Chicago, Illinois 60608.

4. Defendant Taqueria El Arco #3 is an Illinois corporation located and doing business in this District. Upon information and belief, Taqueria El Arco #3 owns and operates a restaurant under the name EL POLLO FELIZ located at 7025 South Pulaski Road, Chicago, Illinois 60629.

5. Defendant Taqueria El Arco #4 is an Illinois corporation located and doing business in this District. Upon information and belief, Taqueria El Arco #4 owns and operates a restaurant under the name EL POLLO FELIZ located at 2216 West Lake Street, Melrose Park, Illinois 60160.

6. Defendant Heriberto Luna is the President of each of the other f Defendants, and is involved with the day-to-day business operations of these four EL POLLO FELIZ restaurants (the "EL POLLO FELIZ restaurants"). Upon information and belief, Mr. Luna resides and is domiciled in this judicial district.

## JURISDICTION AND VENUE

7. This is an action for trademark infringement under 15 U.S.C. § 1114, unfair competition under 15 U.S.C. § 1125(a) and (c), and violations of related common law.

8. This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 as it involves claims arising under the Lanham Act. This Court has jurisdiction over the other claims asserted herein under the provisions of 28 U.S.C. §§ 1338(b) and 1367 because the claims are joined with substantial and related claims under the trademark laws of the United States. This Court also has jurisdiction because this is an action between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of interest and costs, jurisdiction being conferred by 28 U.S.C. § 1332(a).

9. Venue is proper in this district under 28 U.S.C. § 1391 because Defendants reside in or are located and are doing business in this District and a substantial part of the events giving rise to PF USA's claims have arisen in this District.

10. The Court has personal jurisdiction over Defendants because Defendants conduct ordinary business activities in this District, and have focused their unlawful conduct in this District.

## BACKGROUND AND GENERAL ALLEGATIONS

### A. PF USA and its Highly Successful International Restaurant Brand

11. In 1975, PF USA's Mexican affiliate Empresa Nacional de Pollos Asados, S.A. de C.V. ("Empresa") opened its first restaurant in Sinaloa, Mexico. Specializing in a unique recipe for marinated chicken cooked over open flames, the restaurant was a huge success and came to be known as POLLO FELIZ. The POLLO FELIZ brand grew rapidly over the next few decades, and today there are 700 branches of POLLO FELIZ restaurants located in over 160 cities in Mexico and the United States.

12. In 2002, a predecessor of PF USA brought the POLLO FELIZ brand to the United States. Because of the rich shared culture and tourism between the United States and Mexico and due to the large number of persons of Mexican descent residing in the United States, there was substantial pre-existing awareness of the POLLO FELIZ brand and the restaurants were well-received by eager United States customers.

13. Today, PF USA or its licensees operate five POLLO FELIZ Mexican restaurants in the United States.

14. PF USA has registered its trademarks including POLLO FELIZ and POLLO FELIZ NO HAY OTRO MEJOR (the "POLLO FELIZ Marks") in the United States Patent and

Trademark Office. These registrations include the following:

| MARK | GOODS AND SERVICES | REG. NO. AND DATE |
|---|---|---|
| POLLO FELIZ | Restaurant Services | 3212601<br>February 27, 2007 |
| POLLO FELIZ NO HAY OTRO MEJOR | Restaurant Services | 2791090<br>December 9, 2003 |
| POLLO FELIZ NO HAY OTRO MEJOR | Poultry, preserved, dried and cooked fruits and vegetables, salad dressings | 2771575<br>October 7, 2003 |
| POLLO FELIZ NO HAY OTRO MEJOR | Spices | 2951256<br>May 17, 2005 |

15. Copies of these registrations are attached as Exhibit A. These registrations are valid, subsisting and owned by PF USA. They constitute *prima facie* evidence of the validity of the registered POLLO FELIZ Marks, and of PF USA's ownership and exclusive right to use the POLLO FELIZ Marks on or in connection with the goods or services specified in the

registration. All of the registered POLLO FELIZ Marks are incontestable pursuant to 15 U.S.C. §§ 1064 and 1115(b).

16. The POLLO FELIZ Marks are part of a larger family of POLLO FELIZ trademarks, including over 6 trademarks registered by Empresa in Mexico.

17. As a result of Empresa's huge success in Mexico and the substantial spill-over of its goodwill and reputation into the United States, and as a result of the marketing and sales success of PF USA or its licensees, and since long prior to Defendants' actions complained of herein, the POLLO FELIZ Marks had acquired significant goodwill and strong secondary meaning identifying the POLLO FELIZ chain of restaurants among consumers and others in the United States.

**B.     Defendants' Intentional Wrongful Acts.**

18. Defendants operate four Mexican restaurants under the name EL POLLO FELIZ in Chicago, Illinois, which market a professed specialty of grilled chicken.

19. Defendants advertise and promote their restaurant through the website www.elpollofelizchicago.com, Facebook, Twitter, and other social media and internet websites. Attached as Exhibits B and C are copies of Defendants' website and Facebook page, which prominently feature the name EL POLLO FELIZ and the slogan "Nuestra Especialidad Carnes y Pollos al Carbón," which translates to "Our Speciality is Meat and Chicken al Carbón." Al Carbón refers to meat cooked over wood coals or charcoal.

20. Upon information and belief, Defendant Luna and Defendant Taqueria El Arco first used the name EL POLLO FELIZ in connection with a restaurant on or around 2004, well after PF USA had obtained federal registrations for two of its POLLO FELIZ Marks, and Defendants subsequently opened the other three locations on or around 2004, 2009, and 2014.

21. Upon information and belief, Defendant Luna is a native of Guanajuato, Mexico, where 18 POLLO FELIZ restaurants licensed and authorized by Empresa currently operate.

22. Upon information and belief, Defendants had no reason to name their restaurants EL POLLO FELIZ except to trade off the POLLO FELIZ Marks.

23. Upon information and belief, Defendants intentionally selected the name EL POLLO FELIZ for each EL POLLO FELIZ restaurant to trade off the POLLO FELIZ Marks.

24. PF USA first learned of Defendants' EL POLLO FELIZ restaurants in 2012 and sent a cease and desist letter to Mr. Luna. The letter asserted PF USA's prior rights, explained that Defendants use of EL POLLO FELIZ was confusingly similar to PF USA's interests in POLLO FELIZ and requested that Defendant's cease use of the mark.

25. Despite Mr. Luna's obvious and intentional usurpation of PF USA's rights, Mr. Luna refused to cease his infringing use.

26. In August 2013, PF USA retained United States counsel, who alerted Mr. Luna that PF USA was preparing to enter the Chicago market. This letter also explained PF USA's rights and the likelihood of confusion between Defendants' restaurants and the POLLO FELIZ Marks. It further asserted PF USA's plan to open a POLLO FELIZ restaurant in Chicago and demanded that Defendants cease use of the mark.

27. Neither Mr. Luna nor any other Defendants responded to this letter.

28. In the fall of 2013, PF USA's counsel again sought to contact Defendants' counsel. This time PF USA's counsel was able to Defendants' attention but, after some initial discussions, Defendants again refused to coooperate.

29. On December 13, 2013, the POLLO FELIZ restaurant opened in Chicago, under license by PF USA.

30. Defendants' aforesaid acts are likely to cause confusion, mistake or deception, in that consumers and others are likely to believe that EL POLLO FELIZ is owned by, authorized, sponsored or approved by, or otherwise affiliated with, POLLO FELIZ.

31. Defendants' aforesaid acts have been without PF USA's consent or authorization.

32. Upon information and belief, Defendants' have used EL POLLO FELIZ with full knowledge of, and in willful disregard of Empresa and PF USA's prior rights in its POLLO FELIZ Marks, and with the bad faith intent to obtain a commercial advantage Defendants otherwise would not have. Accordingly, Defendants continuing acts constitute an intentional violation of PF USA's rights.

## FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement)**

33. PF USA incorporates by reference Paragraphs 1 through 32 above.

34. Defendants' acts constitute willful trademark infringement in violation of 15 U.S.C. §1114.

35. Defendants' acts are greatly and irreparably damaging to PF USA and will continue to damage PF USA unless enjoined by the Court such that PF USA is without an adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition)**

36. PF USA incorporates by reference Paragraphs 1 through 32 above.

37. Defendants' acts constitute unfair competition in violation of 15 U.S.C. §1125(a)(1)(A).

38. Defendants' acts are greatly and irreparably damaging to PF USA and will continue to damage PF USA unless enjoined by the Court such that PF USA is without an adequate remedy at law.

### THIRD CLAIM FOR RELIEF

**(Deceptive Trade Practices and Consumer Fraud and Deceptive Business Practices Pursuant to 815 ILCS §§ 510/1, et seq. and 815 ILCS §§ 505/1, et seq.)**

39. PF USA incorporates by reference Paragraphs 1 through 32 above.

40. Defendants have knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS (1992) 510/1 *et. seq.* by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the Defendants products or services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendants or its products with PF USA; and using deceptive representations or designations of origin in connection with Defendants' products.

41. Defendants' deceptive trade practices is causing and is likely to cause substantial injury to the public and to PF USA, and PF USA has no adequate remedy at law for this injury. PF USA is entitled to injunctive relief and to an award of attorneys' fees under 815 ILCS (1992) 513.

### PRAYER FOR RELIEF

WHEREFORE, PF USA respectfully requests that this Court:

42. Enter judgment that Defendants have violated the Lanham Act, 15 U.S.C. § 1114 and 1125(a); the Deceptive Trade Practices Act 815 ILCS §§ 510/1, *et seq.;* and the Consumer Fraud and Deceptive Business Practices, 815 ILCS §§ 505/1, *et. seq.;*

43. Enter judgment against Defendants that the above acts were willful and intentional, making this an exceptional case.

44. Temporarily, preliminarily and permanently enjoin Defendants, and their officers, directors, agents, employees, attorneys, successors, and assigns, and all others in active concert or participation with any of them, from:

    a. From using POLLO FELIZ, EL POLLO FELIZ or any other trademark, service mark, name, logo, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to the trademarks, service marks, names, or logos, of PF USA, or is likely to cause confusion, mistake, deception, or public misunderstanding between Defendants and PF USA, or suggest that Defendants or its products are from, or authorized, sponsored or approved by, or in any way related to, PF USA;

    b. From representing by any means whatsoever, directly or indirectly, that any products sold or services rendered by Defendants are associated with, sponsored by, and/or connected or affiliated with PF USA, or from otherwise taking any action likely to cause confusion, mistake or deception on the part of purchasers as to the origin or sponsorship of Defendants' products or services;

    c. From otherwise continuing any and all acts of infringement, unfair competition, and deceptive trade practices as alleged in this Complaint;

    d. To require Defendants to deliver up to PF USA for destruction any and all signage, packaging, advertising and promotional materials in Defendants' possession, custody or control, which contain the EL POLLO FELIZ name; and

    e. From causing, engaging in or permitting others to do any of the aforesaid acts.

45. That the Court direct Defendants to file with the Court and serve on counsel for PF USA within 30 days after the entry of any preliminary or permanent injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. Section 1116(a) setting forth in detail the manner and form in which Defendants have complied with the injunction.

46. That PF USA be awarded actual or statutory damages for the claims of this Complaint.

47. That Defendants be ordered to account for and disgorge to PF USA all profits Defendants have secured by reason of the unlawful acts complained of herein.

48. That damages resulting from Defendants' infringement and unfair competition under the Lanham Act be trebled in accordance with the provisions of 15 U.S.C. Section 1117.

49. That Defendants be ordered to pay PF USA's pre-judgment interest on all damages.

50. That the Court award PF USA its reasonable attorneys' fees pursuant to 15 U.S.C. Section 1117 and any other applicable provision of law.

51. That the Court award PF USA its costs of suit incurred herein.

52. For any such other or further relief as the Court may deem just and proper.

Dated: September 25, 2014　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　By:　s/Daniel D. Frohling
　　　　　　　　　　　　　　　　　　　　Daniel D. Frohling
　　　　　　　　　　　　　　　　　　　　Regan A. Smith
　　　　　　　　　　　　　　　　　　　　Loeb & Loeb LLP
　　　　　　　　　　　　　　　　　　　　321 North Clark Street, Suite 2300
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60654
　　　　　　　　　　　　　　　　　　　　Tel: (312) 464-3100
　　　　　　　　　　　　　　　　　　　　Fax: (312) 464-3111

　　　　　　　　　　　　　　　　　　　　*Attorneys for PF USA, Inc.*